The testimony proffered and refused, on which error was assigned, was as follows:
"Mr. Rood: The plaintiff offers to prove by the witness, Josiah Richardson, that the ring in question was turned over to Mr. A.C. Gourlie by — that it was turned over to Mr. Gourlie, and that at the time the ring was turned over to him he was told by the witness that the ring had been pledged to secure a $400 attorney's fee, and that when the witness paid the $400 debt the ring was to be returned to the witness.
"Mr. Fowler: To which proof the defendant objects, for the reason, among other things, that it is incompetent, irrelevant and immaterial, and that it specifically violates the statute regarding the testimony of a pary in litigation as to communications and transactions with a deceased person.
"The Court: Is that all?
"Mr. Fowler: Yes, sir.
"The Court: I sustain the objection."
The transaction was with Mr. Gourlie, and Mr. Gourlie is dead. The testimony proffered concerned a transaction between the witness and Mr. Gourlie, and it is offered by the witness in his action against Mrs. Gourlie. The witness is interested in the result of the action. Mrs. Gourlie claims the property in question as donee of Mr. Gourlie.
The point is: Is Mrs. Gourlie an assignee of Mr. Gourlie? I think so, and that his testimony as to the transaction with Mr. Gourlie is excluded by Section 90.05, F.S. 1941, F.S.A. In this instance, the word "assignee" was used as one to whom something was transferred, and does not rest on the character of proof of the means by which Mrs. Gourlie became the "assignee" of her husband's interest in the ring.
The defendant filed a plea of the statute of limitation, that the action had not been commenced within three years. The ring was placed in the hands of Mr. Watson in 1935, who shortly thereafter delivered it to Mr. Gourlie, who died in 1943. Plaintiff's declaration was filed May 12, 1947.
Section 95.11(5)(c), F.S. 1941, F.S.A., limits the commencement of "an action * * * for the specific recovery of personal property" to three years.
The Statute had run and plaintiff's cause of action had been placed in repose.
HOBSON, J., concurs.